Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,  } *Associate Justices.*
Hon. CHARLES E. FENNER,
Hon. LYNN B. WATKINS,

---

## No. 195.

### THE STATE OF LOUISIANA vs. BERNARD J. ESTOUP.

A motion of appeal in a criminal case must be made *in open court* (act 1878, No. 30, p. 56), within ten days after sentence was passed. Where the court adjourns on that day, and the motion is made on the day of its reopening, the motion is in time.

A transcript of appeal in such a case need not be filed before the opening of the appellate court, whatever the return day be. It is in time if filed for such opening.

A witness on the stand cannot be permitted, over the seasonable objections of the accused, to testify to what another person has *told* him touching the circumstances of the arrest of the latter, although such person so stated in presence of the accused, who was then *in actual custody*, and the latter did not contradict him and remained silent. The prisoner had a right to remain dumb.

State vs. Estoup.

The subsequent declaration of the trial judge in his charge to the jury that they were not to infer guilt from such silence, could not cure the illegal reception of the testimony.

The trial judge was as unable, as the appellate court is, to know what effect the unauthorized evidence produced on the mind of the jury.

APPEAL from the Criminal District Court, Parish of Orleans. *Roman*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*W. L. Evans*, for Defendant and Appellant:

The prisoner was on a railroad train, *under arrest, handcuffed and shackled*, at a time when a conversation between *two other men* occurred in his presence; *he remained silent*. Bill of exceptions, R. pp. 24 to 27.

Mere *silence*, while a party is *under arrest and in irons*, affords no inference whatever of acquiescence in the *statements of others* made in his presence. Under such circumstances he is not called upon to contradict such statements. *Such statements should not have gone to the jury over the timely objections of the prisoner.* State vs. Diskin, 34 Ann. 921, 922; State vs. Munston, 35 Ann. 889; Com. vs. McDermott, 123 Mass. 440; Com. vs. Kinney, 12 Met. 235; Com. vs. Walker, 13 Allen 570; Bob vs. State, 32 Ala. 560.

The invariable rule in this State and in England is, that where inadmissible evidence has been allowed to go to the jury in a criminal case, over the prisoner's objection, he is entitled to relief. Reg. vs. Gibson, 16 Cox C. C. (copied in full in the brief); State vs. Perry, 16 Ann. 444; State vs. Monie et al., 26 Ann. 513; State vs. Gruso, 28 Ann. 952; State vs. Gregory, 33 Ann. 743; State vs. Mullen, 33 Ann. 159; State vs. Von Sachs, 30 Ann. 943.

(It is contended that in *every* criminal case reported in the Louisiana Annuals—covering a period of more than *forty years*—a new trial was granted where it was made to appear that inadmissible evidence was *admitted over objection*.)

The opinion of the trial judge upon *facts* which *belong exclusively to the jury*, cannot be considered by the Supreme Court. State vs. Crawford, 32 Ann. 527; State vs. Tompkins, 32 Ann. 623.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The Attorney General contends that this court cannot consider the merits of this case for the double reason, that the motion of appeal was offered and allowed and the transcript filed *too late*.

The defendant was sentenced on May 31, 1887. The court then adjourned, and reopened only on September 1, following. On that day, the accused, through counsel, moved for an appeal, which was granted, returnable to this court at this place (Shreveport) within ten days, and the transcript of appeal was filed here on October 1. The case was tried in the parish of Orleans (First Judicial District).

The act of 1878—No. 30, p. 56—relative to appeals in criminal cases provides, section 1, that "the party desiring to appeal, shall file his motion, either verbally or in writing, *in open court* * * * in the

courts of the First Judicial District, within *ten* days after the sentence shall have been passed." (Sec. 1.)

It is therefore clear that, as between the day on which the sentence was passed and that on which the appeal was asked and granted, the court did not sit *at all*, it was physically impossible for the accused to have filed his motion of appeal *in open court*.

Had ten judicial days elapsed in the interval, quite a different case would have been presented, as the law prohibits, in negative terms, that appeals be granted after the time specified shall have elapsed. (Sec. 3.)

It is true that the law directs that appeals in such cases shall be made returnable within ten days after the granting of the order of appeal; but the statute clearly contemplates that this must be so, where this court may be in session on the return day. (Sec. 4.)

Now, this court could not be in session at this place at all in *September*, as, under the law, the term opens here in *October*.

The law does not require vain things. Of what good would it have been, either to the State or to the accused, that the transcript be filed here within the ten days following September 1.

The ruling in State vs. Madlar, 38 Ann. 390, has not the remotest application to the present one, for the obvious reason that there ten judicial days had expired before the motion of appeal had been made, and likewise after the return day, and here none at all had previously elapsed.

The motion to dismiss is denied.

---

### ON THE MERITS.

This case was once already before this court, and was remanded to be tried *de novo*, because of the illegal admission of a declaration, as part of the *res gestæ*, which was not considered to be such. 39 Ann. 219.

On the new trial, the accused was convicted of manslaughter, and sentenced to fifteen years at hard labor.

On the present appeal he complains that incompetent testimony was received, which ought to have been rejected.

It appears from the bill of exception taken to the reception of the evidence, that a witness on the stand was allowed, over defendant's timely objections, to state what an officer who had the accused in charge on his way from Shreveport to New Orleans, had *told him* touching the place and circumstances of the arrest, in presence of the prisoner, who was then *under arrest*, handcuffed and shackled, and

who remained silent, although no one had told him so to be, and, he could have spoken had he chosen to do so, no one preventing him from speaking.

The district judge says, in the bill, that the evidence was admitted because no one prevented the prisoner speaking, and that the jury was instructed that the prisoner remaining silent was not to be construed as an admission of guilt.

We feel constrained, in justice to the sacred rights of the accused, to say that the testimony was inadmissible, not only because it was hearsay, and because the facts sought to be established could have been elicited directly from the officer in charge of the prisoner, and who was not heard; but also because the mere silence of the accused, which he was authorized to keep, could not have been proved, so as to have prejudiced him, under the circumstances. The subsequent declaration of the trial judge, in his charge to the jury, that the testimony objected to and received, would not be considered by them as an admission of guilt, could not cure and legalize the anterior illegal reception of the evidence. This statement, at best, was an implied instruction that this testimony might be good evidence for some other purpose; but this was not correct.

The district judge further states, that the admission of the evidence could in no manner or form affect the rights of the defense, and was certainly no additional burden upon it, and that it was immaterial where the arrest had been effected, as it had already been proved that the prisoner had run away from New Orleans, after committing the crime for which he was tried, and was actually on the train, in charge of the Shreveport officer, who was conveying him.

We feel again constrained to differ from our learned brother.

It was as impossible for him, as it was for us, to say what effect was produced on the jury by this testimony, which he seems to admit after all, was immaterial.

The law excludes hearsay testimony.

The object which the District Attorney had in view was probably to show that the accused was a fugitive from justice, and from that fact induce the jury to infer a presumption of guilt against him.

The fact of the arrest at a place other than that at which the offense was committed, and the statement of the place and circumstances under which it was effected in presence of the accused, who remained silent, possibly could have been established, with the information to the jury that, under the circumstances, no presumption of guilt was inferrable, leaving them, however, otherwise to appreciate the evi-

dence; but this should have been done at the time of reception, and only by direct and proper testimony, and in no way by hearsay evidence.

The statements of the witness on the stand touching what the officer in charge had told him relative to the place and circumstances of the arrest of the accused, in the latter's presence while in actual custody, ought not to have been received over his seasonable objections, as they were either hearsay, or irrelevant, or both.

Even then, as the prisoner had the indisputable right to abstain from contradicting the witness, and to remain absolutely dumb, and as he could not be prejudiced by deducible impression from his silence, the admission of the testimony ought to have been coupled with the formal warning that guilt could not be inferred.

Under the circumstances, the accused is entitled to a new trial. 2 Ann. 245; 31 Ann. 861; 34 Ann. 921; 35 Ann. 889; 16 Ann. 444; 26 Ann. 513; 28 Ann. 952; 30 Ann. 943; 32 Ann. 571; 33 Ann. 159 and 743; 38 Ann. 788, and 39 Ann. 219.

It is, therefore, ordered and decreed, that the verdict be set aside, and the judgment and sentence upon it reversed, and that this case be remanded for further proceedings according to law.