(86 South. 29.)

No. 15,098.

STATE v. CHARLES et al.

(Feb. 15, 1904.)

HOMICIDE—EVIDENCE—DYING DECLARATIONS—
CONTRADICTION.

1. Statements of the deceased at variance with his dying declarations need not themselves be dying declarations, nor part of the res gestæ, in order to be admissible for the purpose of contradicting the dying declarations.

2. If, in tendering the contradictory statements in evidence, counsel announce that they are offered as dying declarations or part of the res gestæ, thereby assigning a wrong reason why the statements are admissible, this does not render the evidence any the less admissible, nor its exclusion any the less reversible error.

3. Nine or ten minutes after the shooting, the wounded man having been taken to the physician a distance of 300 or 400 yards, or the physician summoned to the wounded man, the physician said to the wounded man, "Before I put my hands on you, who did the shooting?" *Held*, the statement of the wounded man in response to this injunction was not the events speaking through him, but he speaking about the events, and was therefore not part of the res gestæ.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; T. Don Foster, Judge.

Joseph Charles and John Daniels were convicted of manslaughter, and appeal. Reversed.

Martin & Voorhies and Burke & Burke, for appellants. Walter Guion, Atty. Gen., and Edwin Sidney Broussard, Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. The defendants were tried for murder, convicted of manslaughter, and sentenced to the penitentiary, and they appeal.

After the state had proved statements of the deceased as res gestæ and dying declarations, defendants offered to prove contrary statements of the deceased. The testimony thus tendered was hearsay, but it fell within the rule by which contradictory statements of a witness may be proved for the purpose of impeaching his testimony, and was admissible. Carver v. United States, 164 U. S. 694, 17 Sup. Ct. 228, 41 L. Ed. 602; A. & E. Ency. of L. (2d Ed.) vol. 10, p. 384.

It was objected to, however, and ruled out, on the ground that the statements were neither dying declarations nor res gestæ, and were therefore inadmissible.

The district attorney, in his addition to the bill of exception, and the judge in his per curiam, say that the contradictory statements were tendered in evidence as res gestæ and dying declarations, and that, not being such, they were inadmissible.

We understand counsel for defendants as denying that they gave these erroneous reasons why the evidence was admissible; but, granting that they did, is evidence any the less admissible, and is the duty of the court to admit legal evidence any the less imperative—especially in a criminal case—because counsel happen to make a mistake in giving the reasons why the evidence is admissible? It seems to us clearly not.

Even in a civil case, if evidence is rejected which should have been admitted, will the appellate court refuse a new trial because counsel gave a wrong reason why the evidence should have been admitted? If counsel give a hundred bad reasons why the promissory note on which the suit has been brought should be admitted in evidence, and the court, because counsels' reasons are bad, refuse admission to the note, will not the ruling be erroneous, and will not the appellate court correct it? Evidently, we think.

The case would be different if evidence admissible for one purpose, but not for another, were tendered for the wrong purpose. In such case the evidence is not admissible for the purpose for which it is tendered, and the decision ruling it out is not erroneous. In the instant case the evidence was tendered for all the purposes of the case, and it was admissible as such, but counsel gave bad reasons why it was admissible. The evidence was admissible, and should have been admitted.

The court also erred in admitting as part of the res gestæ the statement made by the deceased to the attending physician immediately after the shooting. The evidence offered for the purpose of showing the circumstances under which the statement was made is as follows: "By the District Attorney: Q. Did you attend Oscar Ned? A. Yes, sir. Q. How far were you from the scene of the shooting? A. Three or four hundred yards.

Q. How long after did you attend him? A. Nine or ten minutes. Q. At that time did Oscar Ned make any statement to you? A. Yes, sir. Q. What statement or declaration? What was it? A. I said to him, 'Before I put my hands on you, who did the shooting?' He said," etc. Here follows the statement.

Here, evidently, we do not have "the events speaking through the participants," but "the participants speaking about the events." State v. Molisse, 38 La. Ann. 381, 58 Am. Rep. 181. We have the patient, who has been brought to the doctor, or the doctor summoned to the patient, and the doctor saying to the patient, "Before you can have the benefit of my ministration, you must tell me who shot you." A statement made under these circumstances is evidently nothing more than a relation of past events.

Defendant also objects in the brief to some parts of the judge's charge, but the only bills of exception relating to the judge's charge to be found in the record have reference to the refusal to give certain special charges. This objection therefore cannot be considered. Indeed, nothing in the record shows that the alleged objectionable matter was contained in the judge's charge, which is reproduced in the record only in part.

The judgment is set aside, and the case remanded to be proceeded with according to law.