(89 South. 888)

No. 24773.

### STATE v. ROBERTS.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Prostitution ⬤⟹3—Indictment for inducing a woman to enter a house for prostitution held defective.**

Under Act No. 295 of 1910, § 1, making it unlawful to attempt to induce a female to enter any house for the purpose of prostitution, an indictment, charging inducement "to enter a house, to wit, a room in the Rapides Hotel," is fatally defective because so framed as to permit conviction for inducing a female, already in such house or hotel, to enter another room for such purpose.

2. **Criminal law ⬤⟹407(2)—Statement of prosecuting witness in presence of defendant under arrest held not admissible as an implied admission.**

A statement, made by the prosecuting witness to police officers in the presence of the defendant when he was under arrest and was not called upon to deny it, but had the right to remain silent, was not admissible on the theory that it constituted an implied admission by the defendant.

3. **Criminal law ⬤⟹366(6)—Prosecutrix's statement to officers after alleged crime held not res gestæ.**

In a prosecution for attempt to induce or procure a female to enter a house for the purpose of prostitution, where prosecutrix notified the police department, and two officers had time to arrive thereafter and arrest defendant, after which the officers questioned prosecutrix in his presence, *held* that her statement then made was not admissible as res gestæ.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Leven L. Hoce, Judge.

Harry Roberts was convicted under an indictment for willfully, maliciously and feloniously attempting to entice and induce a woman to enter a house, to wit, a room in a hotel for purposes of prostitution and he appeals. Verdict and sentence annulled, avoided, and set aside, and ordered that a judgment maintaining a motion to quash the indictment and discharging the defendant be entered.

Carter & Polk, of Alexandria, for appellant.
A. V. Coco, Atty. Gen. (Cleveland Dear, Dist. Atty., of Alexandria, and T. S. Walmsley, of New Orleans, of counsel), for the State.

OVERTON, J. The grand jury in and for the parish of Rapides returned a bill of indictment against defendant, in which it is

charged that he "did willfully, maliciously, and feloniously attempt to entice, induce or procure Mrs. ——— (naming her), a female person, to enter a house, to wit, a room in the Rapides Hotel, in the city of Alexandria, La., for the purposes of prostitution or other immoral purposes, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

Defendant filed a motion to quash this bill on the ground that it charges no offense known to the laws of the state of Louisiana. The court overruled the motion, and the bill reserved to this ruling constitutes one of the bills of exception which this appeal brings to us for our consideration.

[1] The first section of Act No. 295 of 1910, under which section the indictment was framed, reads:

"That whoever shall induce, entice or procure * * * to come into the state of Louisiana, or enter any house in this state, any female person, for the purpose of prostitution, concubinage or any other immoral purpose, shall upon conviction suffer imprisonment with or without hard labor, for a period of not less than six months nor more than two years and be fined not less than one hundred dollars, nor more than five hundred dollars."

In our view, the indictment is fatally defective, in that, after the word "house," it adds, "to wit, a room in the Rapides Hotel." Under a charge so framed it makes it possible, as seems to have been done in this case, to convict one of attempting to induce a female, already in a room in the house or hotel, to enter another room therein for the purpose of prostitution; whereas, the statute makes it unlawful to attempt to induce a female to enter any house in this state, not any room, for such purpose. The act of the defendant, as charged in the bill, was reprehensible, but nevertheless, it does not come within the letter of the law, and is therefore not a crime.

[2] While the above ruling should bring this case logically to an end, as it will call for the discharge of the defendant, and not for the remanding of the case, nevertheless, we will consider the two remaining bills of exception urged by him. Both of these are alike, and may be considered together. They are substantially to the effect that after the lady, who had been approached improperly by the defendant, had testified, the state, feeling that she had forgotten a part of what had occurred, placed two police officers on the witness stand for the purpose of supplementing her evidence by showing a statement that she made to them, concerning the conduct of the defendant. This evidence was objected to by defendant, but the lower court overruled the objection, for the reason that it entertained the view that the statement was admissible because made in the presence of the defendant, and because it formed a part of the res gestæ.

[3] It appears, however, from the per curiam attached to the bill by our learned brother, that though the statement was made in the presence of the defendant, yet, that he was then under arrest. As he was under arrest, he was not called upon to deny it, but had the right to remain silent; and therefore the statement was not admissible upon the theory that it constituted an implied admission by defendant, in the absence of a denial by him. State v. Diskin, 34 La. Ann. 919, 44 Am. Rep. 448; State v. Jackson, 51 La. Ann. 693, 25 South. 399; State v. Carter, 106 La. 407, 30 South. 895. Nor do we consider that the statement formed part of the res gestæ. After the unfortunate occurrence, the police department was notified, for there were two police officers there at the time the statement was made. They had had time to arive and arrest defendant, and to take him to the lady's room to confront him with her, for the purpose of identification. We feel that ample time had elapsed between the occurrence and the making of the statement for a sufficient regaining of self-possession

and for reflection, and that it was not the act, as it were, speaking through the person making the statement, but rather that person's account of what had happened. For the statement to have been admissible, as part of the res gestæ, it should have appeared that it was the act itself, as it were, speaking through the person, and not merely that person's narrative of what had occurred. State v. Charles, 111 La. 933, 36 South. 29; State v. Gianfala, 113 La. 463, 37 South. 30.

As the bill of indictment fails to charge an offense under the law, the defendant will have to be discharged.

For the reasons assigned, it is ordered, adjudged, and decreed that the verdict of the jury in this case, and the sentence of the court based thereon, be annulled, avoided, and set aside, and that there now be judgment maintaining said motion to quash, and discharging the defendant.