(101 South. 21)

No. 26659.

## STATE v. JOSEPH.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

Criminal law ⊜⟶662(4), 1168(2)—Introduction of certificates by physicians not called to testify held error and prejudicial.

In prosecution for shooting and wounding, where defendant alleged she acted in self-defense, introduction of certificates signed by two physicians to effect that prosecuting witness had been shot in back *held* in violation of defendant's right of confrontation, under Const. 1921, art. 1, § 9, the physicians not being called to testify, and prejudicial.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. John the Baptist; Prentice E. Edrington, Sr., Judge.

Florence Joseph was convicted of shooting and wounding, and she appeals. Verdict and sentence set aside, and case remanded for new trial.

Prentice E. Edrington, Jr., of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Conrad A. Buchler, Dist. Atty., of Gretna (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J. The accused was convicted of "shooting and wounding." On her trial she testified that she had been struck by the prosecuting witness; that she was in fear of her life, and had shot to defend herself.

For the purpose of contradicting the accused, and of corroborating the testimony of the prosecuting witness, the trial judge admitted in evidence (over the objection of the accused) and permitted to go to the jury *a certificate* produced by the prosecuting witness and signed by two physicians, to the effect that she (the prosecuting witness) had been shot *in the back.* The two physicians *were not called to testify.*

### I.

Article 1, § 9, of the Constitution of 1921 (page 2), reads, in part, as follows:

"Sec. 9. In all criminal prosecutions * * * the accused in every instance shall have the right to be confronted with the witnesses against him. * * *"

### II.

Obviously whether the prosecuting witness had been shot *in the back,* was intimately connected with whether or not the accused was in fear of her life, and had shot in self-defense, and thus had a direct bearing on the guilt or innocence of said accused.

Hence the accused had the right to be confronted with any and all witnesses whose evidence might tend to establish such fact; and it was therefore a manifest error, and highly prejudicial to the accused, that the evidence of said witnesses should have been admitted against her without confronting her with the witnesses themselves.

Decree.

The verdict and sentence are therefore set aside, and the case is now remanded for a new trial according to law.