138 So.2d 589

STATE of Louisiana

v.

Maurice B. RICKS.

No. 45831.

Feb. 19, 1962.

L. Barbee Ponder, Ellis H. Bostick, Jr., Amite, Grover L. Covington, Kentwood, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Duncan S. Kemp, Dist. Atty., Amite, W. M. Dawkins, Denham Springs, and Leonard E. Yokum, Hammond, Asst. Dist. Attys., for plaintiff-appellee.

HAMITER, Justice.

Under an indictment charging that he murdered one John George Lackmann, in violation of Article 30 of the Louisiana Criminal Code, Maurice B. Ricks was tried by a jury, convicted of manslaughter and sentenced to fifteen years imprisonment at hard labor in the state penitentiary. On this appeal he relies on 24 bills of exceptions for a reversal of the conviction and sentence.

Bill of exceptions Number 1 was taken to the court's overruling of defendant's oral motion for a continuance, presented on the morning designated for the commencement of the trial, which was grounded on a statement (taken out of

context) contained in the report of a lunacy commission that "it is unlikely that this subject could assist counsel in his own defense." A reading of the report in its entirety discloses that the statement was made solely because the members of the commission, after their examination, felt that the accused intentionally and purposely would not cooperate with anyone. Besides, it appears that such members were examined in court the day following the presenting of such motion, and they testified that the accused was not presently insane. Moreover, the motion for the continuance was not in writing as is required by LRS 15:- 321. Therefore, we find no merit in the bill.

On the overruling of a defense objection to the testimony of a psychologist (not a member of the lunacy commission), called by the state to testify with reference to the question of the accused's present insanity, bill Number 2 was reserved. The bill was not discussed in brief or oral argument, and we may assume that it has been abandoned. Nevertheless we have examined it, as well as the per curiam attached thereto, and have concluded that the objection was properly overruled.

Bills of exceptions Numbers 3 and 5 were taken to the court's excusing two prospective jurors for cause: one as the result of his statement that he did not believe in executing a person of the age of this defendant, and the other for the reason that his ward residence was improperly recited on his summons. It is within the discretion of the judge to excuse for cause jurors of the regular venire (LRS 15:345), and there appears no abuse of such discretion in the action complained of in these bills.

Defense counsel reserved bill Number 4 when the court sustained the state's objection to the following question propounded to a prospective juror: "There has been a plea made in this case upon behalf of the defendant, pleading insanity at the time of the commission of the alleged offense. Now, after hearing all of the evidence on that point, if there was a reasonable doubt in your mind as to whether the defendant was insane at the time of the commission of the alleged offense, would you resolve that doubt in his favor?" In support of his ruling the judge correctly says: " * * * the question was improper because the State is not required to prove the defendant's sanity at the time of the alleged offense beyond a reasonable doubt. On the contrary, he [the accused] is required to prove his insanity by a fair preponderance of the evidence." The decision of this court in State v. Chinn, 229 La. 984, 87 So.2d 315 is full authority for the quoted reasons. Also, it may be observed that the accused exhausted only eleven peremptory challenges and, hence, he was not caused injury by the ruling.

■ Over objection of defense counsel the judge permitted the widow of the decedent and certain deputy sheriffs (they were scheduled to testify at the trial) to remain in the court room, all other witnesses having been ordered sequestered; and to the granting of such permission bill of exceptions Number 6 was taken. But it appears that when those persons took the stand to testify for the state counsel omitted to question their eligibility as witnesses; and this omission precludes consideration of the claim of defendant that their testimony was prejudicial to him. See State v. Barton, 207 La. 820, 22 So.2d 183 and State v. Ferguson, 240 La. 593, 124 So.2d 558.

■ Defense counsel objected to the testimony of a deputy sheriff regarding the identifying of the shot gun allegedly used in the commission of the crime charged, the ground urged being that it was hearsay. When the objection was overruled bill of exceptions Number 7 was reserved. The testimony was not hearsay for, as pointed out by the judge, the entire identification incident took place in the presence of the accused.

■ Bills of exceptions Numbers 8 and 9 relate to the admission of the identified shot gun into evidence. Defense counsel objected to the introduction because such gun was of the 20 gauge type, whereas an affidavit of the decedent's sister had stated that a 12 gauge was used in the commission

of the murder. The objections were correctly overruled. The accused was tried on an indictment drawn in the short form, not on the affidavit; no reference was made therein to the murder weapon; and no bill of particulars respecting its description was requested.

■ Objections were made also to the introduction of the shot gun on the ground that the preservation and depositing of it, along with some shells, were not satisfactorily accomplished. These objections, which formed the bases of bills Numbers 10 and 11, were properly overruled. The testimony attached to the bills, as well as the judge's per curiam, shows that such articles were adequately safeguarded at all times. Initially, they were placed with the sheriff's department and there kept under lock and key until the matter was presented to the grand jury. Thereafter, they were deposited with and receipted for by the clerk of court and held by him until the trial.

■ After the gun was introduced and handed to the jury for examination several jurors began reading a card attached to it. Thereupon, defense counsel objected, urging that the card contained hearsay matters which served to prejudice the defendant in the minds of the jury. The court overruled the objections and bills Numbers 12 and 13 were reserved. The bills do not recite the contents of the card, to the jurors'

reading of which defendant objected. But in his per curiam the trial judge states: "The card was merely an identification card, however, after the court saw that two or three members of the jury had examined the gun before the objection was made, the court instructed the jurors that if any of them had read the card to disregard it as proving nothing, and those who had not seen it, were not to read it, or if they did read it to disregard it as far as proving anything other than the identification of the gun." In view of such instructions we are convinced that no prejudice resulted to the defendant.

Bill of exceptions Number 14 was taken to the court's permitting Mrs. Merle Ballard, a sister of the decedent, to testify as to a conversation between her and decedent's wife. Apparently, the objection to the testimony was that it constituted hearsay. However, as the judge points out, the conversation took place in the presence of the defendant. Moreover, the testimony elicited is not in the record and, if it were improperly admitted, we cannot say that it in any manner prejudiced the defendant.

Bills of exceptions Numbers 15 and 17 were reserved to the court's sustaining of the state's objections to questions propounded to two witnesses for the purpose of establishing ownership by defendant of an air conditioning unit located in the Lackmann home and, consequently,

proving that he was living there at the time of the commission of the offense. We find no merit in the bills. To begin with the witnesses stated that they did not know who owned the unit. Furthermore, the state's attorney freely admitted, both in his opening statement and during the above mentioned questioning, that the defendant lived at the Lackmann home prior to and at the time of the murder's occurrence. Accordingly, there was no prejudicial error in the court's rulings.

Bill Number 16 was taken to the denial of a request by defense counsel to recall for additional cross examination a deputy sheriff who had sometime previously been cross examined and excused. By the denial the defendant was not prejudiced for, according to the judge's per curiam, the deputy "was on the stand later and the defendant was at liberty to cross examine him at that time."

During cross examination of the widow of the decedent the state objected to a question, as being immaterial and irrelevant, relating to a publication of Southeastern Christian College. The objection was sustained and bill Number 18 reserved. In his per curiam the trial judge states: " * * The purpose of it [the sought testimony] was to show that the defendant, Maurice Ricks, attended Southeastern Christian College. The question of whether or not he attended this college is not at issue in the

case whatever. In addition, several witnesses for the defendant in their oral testimony mentioned that the boy had gone to this college and had returned, resuming his living in the Lackmann home." Clearly, under the mentioned circumstances, the ruling did not harm the defendant.

 Bill Number 19 was taken to the court's sustaining of an objection by the state's attorney to a question propounded to a defense witness regarding certain alleged relations between the defendant and decedent's wife who had testified for the state. It is said in brief here that the purpose of the question was to show prejudice and bias on the part of the wife and to impeach her testimony. The transcript, including the per curiam of the judge, indicates that the objection was maintained solely for the reason that the question called for hearsay evidence, that is, an answer which would have pertained to facts not within the knowledge of the witness. We notice also that when the court offered the suggestion that the jury be retired so that the matter of proper questioning concerning the mentioned relationship might be discussed defense counsel did not agree thereto; he simply reserved the bill. Since the question as propounded would have elicited only hearsay evidence, we find no error in the ruling complained of.

 Bills of exceptions Numbers 20 and 23 were taken to the court's refusal to permit certain questions to be propounded to one Douglas Cutrer, a defense witness. The first question related to a statement made by the witness to the defendant, the purpose of which was to show the reason for defendant's having been at the Lackmann home on the date of the alleged crime. Although the desired information was at that time excluded, the transcript discloses that it later reached the jury through further examination of witnesses by defense counsel. Considering this, as well as the fact that the state's attorney repeatedly admitted (as we indicated in the discussion of bill Number 15) that the defendant was living and working at the decedent's home, no prejudice resulted from the ruling. As to bill Number 23, the evidence sought to be introduced concerned a conversation between the witness Cutrer and the defendant and had for its purpose the impeaching of the testimony of the decedent's widow. We agree with the trial judge that the conversation was purely hearsay as to such widow and could not affect her credibility, it having occurred outside her presence. Moreover, the transcript reflects that Cutrer had completely answered the question prior to the entering of the objection. The bill is without merit.

 As stated in bill of exceptions Number 21 "objection was made on behalf of the defendant to the introduction of a report by Dr. Nicholas Chetta, as not being

responsive to the order of the court." The objection was overruled and the bill reserved. It appears that Dr. Chetta and Dr. William S. Wiedorn were appointed members of a lunacy commission (pursuant to a motion of the state) and ordered to examine into the mental condition of the accused as of the date of the commission of the crime and also presently. The report filed by them (referred to in the discussion of bill Number 1), following the ordered examination, recited no finding as to the first mentioned mental condition. But it, as well as the testimony given by the doctors, indicates that such a finding was impossible for the reason that the accused deliberately and purposely refused to cooperate in the examination. This being true we cannot conclude that there was error in admitting the report. Moreover, since no finding whatever was made as to the defendant's mental condition at the time of the commission of the offense we fail to see how the report's admission could have been prejudicial to him.

Bill of exceptions Number 22 was taken to the court's refusal to permit the defendant to introduce into evidence the affidavit executed by decedent's sister (referred to hereinabove). The bill is not mentioned in counsel's brief, nor was it discussed during oral argument. Consequently, we might consider it as having been abandoned. However, we have examined the bill and find that it is without merit.

Bill of exceptions Number 24 was taken to the court's overruling of a motion for a new trial. The motion was based on the alleged errors heretofore considered and discussed and also on the ground that the verdict was contrary to the law and the evidence. The bill, therefore, presents nothing for review.

For the reasons assigned the verdict and sentence are affirmed.

HAWTHORNE, J., absent.