147 So.2d 392

**STATE of Louisiana**

**v.**

**Ray HAYDEN.**

**No. 46187.**

Dec. 10, 1962.

---

L. B. Ponder, Jr., Carver T. Blount, Amite, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Duncan S. Kemp, Dist. Atty., W. M. Dawkins and Leonard E. Yokum, Asst. Dist. Attys., for plaintiff-appellee.

SANDERS, Justice.

The defendant was charged with the murder of his wife, Bessie Mae Hayden. He entered pleas of not guilty and of insanity at the time of the alleged offense. The jury returned a verdict of guilty without capital punishment. After being sentenced to life imprisonment, he appealed to this Court, relying upon twelve bills of exception reserved during the course of the trial.

The prosecution's theory of the case is outlined in its brief. The defendant, Ray Hayden, and his wife were estranged. However, on September 13, 1959, they had dinner together. Hayden then returned his wife to a night club near Tangipahoa, Louisiana, which was operated by his wife's parents. Thereafter the defendant indulged extensively in intoxicating liquor. About midnight, he approached a table in the club where his wife was seated with a male companion, pulled his pistol, and shot her without provocation.

Because of the plea of insanity, the court appointed a Lunacy Commission, composed of the Coroner and two other physicians. The Commission reported that the defendant was insane at the time of the alleged offense. However, it also reported that he was sane at the time of the examination.

Taken together, Bills of Exception Nos. 4, 5, 6, 7, and 8 raise a crucial legal question, which stands at the threshold of the case. Deputy Sheriff Vincent L. Rispone, called as a witness by the state, testified that following the defendant's arrest, the defendant was in custody at the Sheriff's office at Covington, Louisiana. Over defense objection, he also testified that when he went to that office for the prisoner, two deputy sheriffs, whom he could not identify by name, gave him a 38-caliber pistol, a half pint bottle of whiskey, and some papers. At the same time, the deputies stated that those items had been taken from the person of the defendant when they arrested him. The defendant, Deputy Rispone testified, was in the small office with them at the time of this conversation. Based upon this

identification, the items were admitted in evidence over defense objection. The two deputy sheriffs who made the identification statement were not called as witnesses.

The defendant strenuously contends that the testimony of this conversation was inadmissible hearsay and that the admission of the articles in evidence, based upon hearsay identification, was improper and highly prejudicial.

In his per curiam to Bills of Exception Nos. 4 and 8, the trial judge states:

"Deputy Rispone testified that what was done and said with regard to this bill was done and said in the presence of the defendant. This is not hearsay, consequently no prejudice was shown.

\* \* \* \* \* \*

"Testimony convinced the Court that the objects were properly identified, preserved and submitted and that a proper foundation had been laid."

The rulings of the trial judge were undoubtedly based upon the rule that incriminating statements made by others in the presence of the defendant to which the defendant remains silent are admissible in evidence against him. See State v. Shar-

bino, 194 La. 709, 194 So. 756 and the authorities therein cited.

However, in this state the rule does not apply when the defendant is in legal custody.[1]

In State v. Diskin, 34 La.Ann. 919, this Court stated:

"Implied admissions from the tacit acquiescence of the defendant in the statements of others made in his presence, only result when the circumstances are such as afford him an opportunity to act or speak, and would naturally call for some action or reply from a person similarly situated. Mere silence, while a party is held in custody under a criminal charge, affords no inference whatever of acquiescence in statements of others made in his presence. He has the undoubted right to keep silence as to the crime with which he is charged, and is not called upon to reply to or contradict such statements. Under such circumstances, it is held that the statements so made are not admissible against the prisoner, because they do not even tend to support the hypothesis of acquiescence."

In the instant case, the defendant was in custody. The contested statement was made

1. State v. Roberts, 149 La. 657, 89 So. 888; State v. Carter, 106 La. 407, 30 So. 895; State v. Estoup, 39 La.Ann. 906, 3 So. 124; State v. Diskin, 34 La.Ann. 919; 2 Marr's Criminal Jurisprudence of Louisiana § 551, p. 846; 2 Wharton's Criminal Evidence (12th Ed.) § 410, p. 166. See also State v. Sharbino, 194 La. 709, 194 So. 756; State v. Rini, 153 La. 57, 195 So. 400; and State v. Robinson, 51 La.Ann. 694, 25 So. 380.

by a law enforcement officer. The defendant had a right to remain silent. He was not required to engage in a word-battle with the representatives of the law who held him. His silence cannot reasonably be construed to concede the truth of the statement or to manifest a belief in its truth.

For the admissibility of this evidence, the prosecution relies upon State v. Ricks, 242 La. 823, 138 So.2d 589. That case involved the identification and admission into evidence of a gun. The defendant made no contention that he was in legal custody at the time of the identification. The precise question presented here was neither raised nor discussed by the Court. We find the case inapplicable.

 We conclude that the identification statement was inadmissible hearsay. It follows that the pistol,. the half pint bottle of whiskey, and the papers were improperly admitted in evidence.

It is not every error in the admission of evidence that will justify setting aside a conviction.

LSA–R.S. 15:557 provides:

"No judgment shall be set aside, or a new trial granted by any appellate court of this state, in any criminal case, on the grounds of misdirection of the jury or the improper admission or rejection

of evidence, or as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

 By supplemental brief, the state asserts that the evidence adduced at the trial (which it reviews) clearly establishes the guilt of the defendant. Hence, it argues, it cannot be supposed that a more favorable result for the defendant would have been reached even if the above described evidence had been excluded. The evidence as a whole is not part of the record in this. case. This Court cannot review it in making the determination of whether the error is reversible.[2]

We have examined the record before us.. The defendant concededly exercised his. right not to testify and stood on his plea of not guilty. Under the law, the state was. required to prove every element of the crime of murder beyond a reasonable doubt for a finding of guilty. As we view it, the improper admission into evidence of the. pistol and the bottle of intoxicating liquor,.

2. See State v. Cooper, 241 La. 757, 131 So.2d 55.

represented as having been taken from the person of the defendant at the time of his arrest, is a substantial error. It could scarcely fail to influence a jury to adopt the prosecution's theory of the case. It is a substantial violation of the defendant's constitutional right to be confronted by the witnesses against him.[3] We conclude that it is reversible error.

In view of this conclusion, we find it unnecessary to consider the remaining bills of exception reserved by the defendant.

For the reasons assigned, the conviction and sentence are reversed and set aside; and the case is remanded to the district court for a new trial.

3. Art. I, § 9, Constitution of Louisiana, LSA. See State v. Bussey, 162 La. 393, 110 So. 626; State v. Joseph, 156 La. 682. 101 So. 21; and State v. Britton, 131 La. 877, 60 So. 379.