367 So.2d 296 (1979)
STATE of Louisiana, Appellee,
v.
Donald ARBUTHNOT and Norman Williams, Appellants.
No. 62058.
Supreme Court of Louisiana.
January 29, 1979.
*297 Charles C. Garretson, New Orleans, for Arbuthnot.
Bernard E. Fulghum, Jr., Orleans Indigent Defender Program, New Orleans, for Williams.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joseph E. Roberts, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants Arbuthnot and Williams were convicted of armed robbery, La.R.S. 14:64, and sentenced to 65 years and 99 years respectively at hard labor.
The defendant Williams filed seven assignments of error; we find that reversible error is presented by Assignment 4. In brief, the defendant Arbuthnot argues three assignments (not including the reversible assignment urged by Williams); however, his counsel did not formally file assignments of error (initially with the trial court), as required by La.C.Cr.P. art. 844 (1974).
Context Facts
The defendants were jointly charged with the armed robbery of Larry Tedley. From the truncated record before us, it appears that one robber (allegedly Williams) went into the store wearing a ski mask, which he took off when he demanded the money. The other robber (Arbuthnot) was shot during the getaway.
From the truncated record, it appears that only two persons were able to observe the identity of the robber (allegedly Williams) who went into the store: Tedley, who testified at the trial; and a Mrs. Silver, *298 who did not testify.[1] The improper elicitation of hearsay testimony as to Mrs. Silver's identification of Williams as the robber who went into the store is the basis of our reversal of his conviction.
The excerpts of testimony in the record indicate that Arbuthnot, the co-defendant, was apparently identified by a bystander as he left the scene. He was arrested at the hospital to which he was taken after he was shot during or following the robbery.
The appeals of the two defendants present different issues and will be discussed separately.
The Defendant Williams
The defendant Williams' Assignment 4 complains of the admission of prejudicial hearsay identification evidence. It requires reversal of his conviction.
As noted, the defendants are charged with the armed robbery of Tedley, who identified Williams as one of the robbers. There was one other witness to Williams' participation in the robbery, a Mrs. Silver. The state did not call her to testify.
Nevertheless, over objection, the state introduced testimony of a police officer that she also had identified Williams as one of the robbers. This hearsay evidence, in effect doubling the eyewitness identification of Williams, was clearly inadmissible, and clearly reversible. State v. Jacobs, 344 So.2d 659 (La.1976), see 38 La.L.Rev. 582-84 (1978); State v. Thompson, 331 So.2d 848 (La.1976), see 37 La.L.Rev. 607-08 (1977).
In Louisiana criminal trials, hearsay evidence is inadmissible except under certain recognized exceptions. La.R.S. 15:434. Hearsay evidence is testimony in court, or written evidence, of an out-of-court statement offered to show the truth of the matter asserted therein and resting for its value upon the credibility of the out-of-court assertor. State v. Martin, 356 So.2d 1370 (La.1978); McCormick on Evidence, Section 246 (2d ed. 1972).
The traditional exclusion of hearsay evidence is based upon considerations of unreliability and of potential unfairness to the accused to permit the introduction of out-of-court statements which cannot be tested by cross-examination of the out-ofcourt declarant. State v. Hudson, 361 So.2d 858 (La.1978); State v. Ford, 336 So.2d 817 (La.1976). See also Pugh, Louisiana Evidence Law 388-432 (1974). Moreover, there is a chance that the witness will consciously or unconsciously misrepresent what the declarant told him. State v. Jacobs, 344 So.2d 659 (La.1976).
It is suggested that the officer did not testify to any out-of-court statement, merely that the (absent and unsworn) witness had identified Williams' photograph as that of the robber.
In State v. Ford, 336 So.2d 817 (La.1976), we expressly rejected this argument that a non-oral communication of picking out a photograph is not subject to exclusion as hearsay. We there pointed out, 336 So.2d 821: "The assertive action of Summerville [the victim] was a communication to the officers that the photograph before him was one of his robber. It was introduced for the purpose of proving the truth of the matter so asserted, i. e., that the defendant Ford was his robber. It was therefore hearsay, as an assertive communication introduced for the truth of the assertion thereby made."
In Ford, the error was not prejudicial because the testimony of the identifying witness was itself available for the trial jury. See also State v. May, 339 So.2d 764 (La.1976).
Here, however, the identifying witness did not herself testify at the trial. As we noted, in reversing a conviction in State v. Jacobs, 344 So.2d 659, 662 (La.1976), "the state may not bolster its case with an inadmissible extrajudicial identification when the identifier has not testified that she made such a pre-trial identification."
*299 By use of the hearsay description of the identification by Mrs. Silver, the state was improperly permitted to introduce an outof-court assertion by an unsworn and uncross-examined witness to bolster (double) its identification testimony and thereby to strengthen improperly the testimony of what, at least under the truncated record before us, is its only identification witness.
The improper use of hearsay evidence on a material contested issue of its case is reversible error. State v. Monroe, 345 So.2d 1185 (La.1977); State v. Hayden, 243 La. 793, 147 So.2d 392 (1962). This is especially so here: The uncross-examined hearsay identification testimony, which deprived the defendant Williams of his cross-examination rights, was used to corroborate substantially the sole eyewitness who testified to identify him as the robber, whose testimony standing alone may not have been as readily believed by the trial jury.
Accordingly, defendant Williams' conviction must be reversed.
Since we have found that reversible error as to Williams conviction is urged by Assignment 4, we need not discuss the inadmissible prejudicial testimony improperly elicited by the state concerning an alleged reason the other eyewitness (Mrs. Silver) did not testify at the trial, see Assignment 5. Likewise, Assignment 3, a hearsay statement by the testifying police officer that one of the accused was the robber, presents a close issue, because the trial court's admonition to the jury to disregard this apparently deliberate attempt to bolster the state's testimony identifying Williams may not have been sufficient to cure the prejudice thereby caused.
We mention these trial errors in an effort to caution against their re-occurrence in the re-trial.
The Defendant Arbuthnot
Under the record, a different issue is presented as to the review of the co-defendant Arbuthnot's appeal.[2]
Arbuthnot's counsel did not himself file formal assignments of error.
However, under the 1928 code of criminal procedure, see La.R.S. 15:501 (1950), as well as under the 1966 Code of Criminal Procedure, art. 842 (1966), a bill of exceptions reserved by one co-defendant was presumed to have been reserved by all the defendants. This language was not expressly retained in the 1974 revision of the code which abolished the technicalities of the former bill of exceptions system, see La.C.Cr.P. arts. 841, 842 (now providing that an "objection" made by one defendant is presumed to have been made by all), 844 (1974). Nevertheless, no legislative intent is exhibited to change this long-standing provision that a properly preserved contention of error by one defendant preserves it for appellate review for all defendants.
Assumingbut not expressly decidingthat errors preserved by Williams' assignments are available to Arbuthnot, we are nevertheless unable to say, on the record before us, that Arbuthnot was prejudiced by the erroneously admitted evidence and prejudicial rulings (Williams' Assignments 3, 4, and 5) concerning improper identification evidence referring to Williams and comments bolstering the identification by one witness (only) of the co-defendant Williams as the robber who went into the store disguised with a ski mask and *300 who held up the victim.[3] The truncated record before us indicates that Arbuthnot was identified independently of any association with Williams and was discovered and arrested after the other robber (allegedly, Williams) and he had separated following the crime.

Decree
For the reasons assigned, we affirm the conviction and sentence of the defendant Arbuthnot; but we reverse the conviction and sentence of the defendant Williams, and remand his case to the district court for a new trial in accordance with law.
DEFENDANT ARBUTHNOT'S CONVICTION AFFIRMED;
DEFENDANT WILLIAMS' CONVICTION REVERSED.
SUMMERS, J., dissents.
BLANCHE, J., not participating.
NOTES
[1] In brief, the prosecution states: "there were two eyewitnesses to the incident," Mr. Tedley and Mrs. Silver.
[2] As noted, Arbuthnot's counsel did not file any formal assignments of error. However, after the appeal was lodged here (and after he was reminded by our clerk's office of his obligation to file a brief in argument of the appeal), his counsel filed a brief in his behalf.

In examining the record, we note that on May 23, 1977, his counsel had presented a motion to dismiss Arbuthnot's appeal to the district court, which granted it. Tr. 32. The jurisdiction of the trial court had been divested by the previous order of appeal, and the dismissal by the trial court of a previously taken appeal is not included among the actions authorized by the trial court after the jurisdiction of the appellate court attaches. La.C.Cr.P. art. 916.
Accordingly, we have reviewed the record presented by Arbuthnot's appeal, despite this indication (not supported, however, by any affidavit of Arbuthnot himself) that he had abandoned his appeal.
[3] The other assignments of error by Williams do not present reversible merit.