391 So.2d 1167 (1980)
STATE of Louisiana
v.
Gary BROUSSARD.
No. 80-KA-1423.
Supreme Court of Louisiana.
December 15, 1980.
*1168 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Judith Lombardino, Madeline Slaughter, Asst. Dist. Attys., for plaintiff-appellee.
William J. O'Hara, III, Supervising Atty., New Orleans, Michael S. Cahn, Linda B. Adams, Student Practitioners, Loyola Law School Clinic, for defendant-appellant.
MARCUS, Justice.
Gary Broussard was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, defendant was found guilty. Subsequently, the district attorney filed an information accusing defendant of a previous felony conviction pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After being advised of his rights, defendant confessed to the truth of the allegations and the trial judge sentenced him to seven years at hard labor. On appeal, defendant relies on nine assignments of error for reversal of his conviction and sentence. Finding reversible error in one of the assigned errors, we need not consider the others.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in allowing hearsay evidence of Jerry Allen, Officer Dave Wortmann and Sgt. Curt Lechler to the effect that two eyewitnesses had identified defendant as one of the burglars.
During the direct examination of state witness Jerry Allen, who had previously pled guilty to the same burglary for which defendant was being prosecuted, the following colloquy took place:
Q. Okay. Are you sure that Gary Broussard is the man that they arrested that night?
A. Two eye witnesses point us out.
BY MR. O'HARA [defense counsel]:
Object to the hearsay.
BY THE COURT:
Q. Was the defendant there when that happened?
A. Yeah.
BY THE COURT:
Overruled.
In later testimony, upon being asked by the prosecutrix to identify defendant as one of the subjects arrested on the night of the burglary, Officer Dave Wortmann responded:
Ma'am, I can't say for sure if it's that man there, the defendant, he's the one in question that night, because of the fact that I really didn't get a good look at him. They were I.D.'d by two witnesses on the scene.
Following defendant's hearsay objection, the trial judge again ascertained that defendant was there at the time and overruled the objection.
Subsequently, when the prosecutrix asked Sgt. Curt Lechler to relate the events that took place during the early morning hours of the date in question, the following response and colloquy occurred:
A. About 4:15, 4:20 A.M., I was in the 2800 block of St. Claude, was flagged down by two people in a white automobile stopped in the traffic lanes, and one of the subjects in the passenger side pointed out some subjects and said they just broke into the furniture store. They were in the 2800 block heading toward the 2700 block. I drove to theover to the intersection. They had entered the 2700 block. Another subject from the other direction with a cowboy hat was right there with them. I stopped all three, put them on the wall. The person in the white car came over said the fellow in the cowboy hat was not with the, took a look at the other two and they told me
*1169 BY MR. O'HARA:
I'm going to object to the hearsay.
BY THE COURT:
Q. Was the defendant there at the time, Officer?
A. Yes, sir.
BY THE COURT:
Objection overruled.
BY MR. O'HARA:
Note an objection.
BY MS. LOMBARDINO:
Q. Could you go on, Officer? What did the individual tell you?
A. He told me that they had broken into the window in the furniture store, carried off an air-conditioner down towards to approximately the middle of the block and returned, and upon my coming in the block, they had been heading towards the furniture store again, but they turned around and started walking in the opposite direction, away from the furniture store.
On cross-examination, when asked by defendant: "Now, when you stopped the suspects you put three people up against the wall?," Sgt. Lechler replied:
The two suspects that were eventually arrested plus another subject were passing each other on the sidewalk when I got to them, and I put all three of them on the wall. Cornelius Lewis then came up. He'd parked the car he had been in, came up, said the fellow with the cowboy hat was the one that was walking towards the furniture store and notand was passing the other two. Cornelius Lewis said the fellow with the cowboy hat is not with them. And, he took a look at the other two and said they were the ones that broke the window and carried the air-conditioner off.
Defendant again objected to the testimony.[1] The trial judge ordered the witness to proceed with his testimony which resulted in the following response by Sgt. Lechler:
The subject Cornelius Lewis told me that they were the ones that broke the window and carried the air-conditioner off down toward
Defendant again objected. The judge inquired: "Was the defendant present at the time all this conversation went on?" The witness replied: "Yes, sir, right there on the sidewalk." The judge then overruled the objection.
Hearsay evidence is inadmissible except under one of the statutory or well-recognized exceptions. La.R.S. 15:434; State v. Sheppard, 350 So.2d 615 (La.1977). Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Martin, 356 So.2d 1370 (La.1978); McCormick, Evidence (Cleary ed. 1972) § 246. The testimony at issue in the instant case is clearly hearsay, as all three of the witnesses testified as to out-of-court identifications of the alleged burglars made by eyewitnesses at the scene of the crime. The eyewitnesses' statements were not made under oath nor were they subject to cross-examination. Moreover, the evidence was presented to prove the truth of the matter asserted, that is, that defendant was one of the perpetrators of the burglary.
The trial judge in overruling defendant's objections to the hearsay testimony apparently considered that the evidence was admissible under the admission by conduct exception to the hearsay rule, as there was no evidence that defendant sought to deny the accusatory statements allegedly made in his presence. See generally McCormick, Evidence (Cleary ed. 1972) §§ 269-270. However, it is well established that incriminating statements made by others in the presence of defendant to which defendant remained silent are not admissible *1170 when defendant is in legal custody at the time they are made. State v. Hayden, 243 La. 793, 147 So.2d 392 (1962); State v. Roberts, 149 La. 657, 89 So. 888 (1921); State v. Diskin, 34 La.Ann. 919 (1882). See Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); McCormick, Evidence (Cleary ed. Supp.1978), § 162. In the instant case, it is clear that at the time the incriminating statements were made in the presence of defendant, defendant had been apprehended by being placed "on the wall" and was thus in legal custody. Hence, the statements did not constitute an exception to the hearsay rule and were inadmissible in evidence.
La.Code Crim.P. art. 921 provides that a judgment shall not be reversed by an appellate court because of an error which does not affect substantial rights of the accused. In the instant case, we consider the error of the trial judge in permitting repeated hearsay identification testimony of defendant as the perpetrator of the burglary clearly affected substantial rights of defendant. Identification of defendant was a material issue of the case. The uncross-examined hearsay identification testimony, which deprived defendant of his cross-examination rights, was used to corroborate substantially the sole eyewitness (Allen) who identified defendant as one of the burglars. Allen was a codefendant. At the time of trial, he had pled guilty and was awaiting sentence. While stating that he had not been promised anything to testify in this case, on cross-examination it was brought out that Allen had told defense counsel on two previous occasions that someone else, Delaney, was with him when the burglary was committed. Delaney was dead at the time of trial. Allen admitted that he was told that his sentence would depend on his testimony in this trial and that his sentencing had been previously continued until after this trial.[2] On redirect, Allen stated that he was now telling the truth. Under these circumstances, the credibility of Allen's testimony was clearly at issue; hence, the repeated use of hearsay testimony to corroborate the identification of defendant as one of the burglars by this witness was prejudicial to the right of defendant to a fair trial. Hence, we must reverse.

DECREE
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the district court for a new trial.
NOTES
[1] At this point, defendant objected to the answer as being unresponsive. As this testimony constituted a repetition of previous hearsay testimony which had been allowed in evidence over defendant's objection, we consider that the trial judge was well aware of defendant's objection to the hearsay nature of the testimony.
[2] Defendant states in brief to this court that Allen was subsequently sentenced to a three-year suspended sentence.