WILLIAMS, Judge.
Defendant, Kim Nelson, was charged with simple burglary of an inhabited dwelling in violation of La.Rev.Stat. 14:62.2. A jury found Nelson guilty as charged and he was sentenced to twelve years at hard labor. Defendant appeals his conviction.
While on routine police patrol, Officers Monteverde and Cramer, received a call of a suspicious person at 1711 South Gayoso Street. Upon arrival, Officer Monteverde saw someone peering through the window of the residence. The person then disappeared. The officers ran down either side of the house towards the backyard. Officer Monteverde saw the suspect emerge from the house through a broken window, run across the backyard and scale a fence, dropping a key chain en route. The officers pursued the perpetrator and caught him on the other side of the fence.
Following the stop, the officers searched the house where they found the bedroom in disarray. The officers found a brown bag containing clothing which did not belong to the resident of the house. The officers also observed a paint can on the ground beneath the broken window and a footprint in the dust on the top of the can.
At trial, the resident of the house identified the keychain as belonging to her and testified that she neither knew Nelson nor did she give him permission to enter her house.
The defense presented an alibi witness. The witness testified that she had seen Nelson prior to the crime and was with him *200 at the time he was supposed to be at the South Gayoso Street residence.
Over defense objection, Officer Montev-erde testified that when responding to the burglary call, he had an initial description given by an anonymous caller. The description given was that of an unknown negro male carrying a brown bag and wearing some type of maroon clothing. At the time of the arrest, Nelson was wearing a maroon cap. We note that the anonymous caller was not called as a witness.
By his sole assignment of error, defendant contends that the trial court erred by admitting Officer Monteverde’s testimony on the basis that it was inadmissible hearsay. The testimony in question is as follows:
Q. Okay. Now, when you responded to this burglary call, were you searching for a subject meeting a certain clothing description?
A. Yes, we were advised by the — by—
BY MR. DOLAN:
Object to any hearsay.
BY THE COURT:
Sustained.
BY MR. THOMPSON:
Your Honor, I am not asking the officer what anybody told him. I am just asking if he was—
BY MR. DOLAN:
It’s hearsay.
BY THE COURT:
Alright, he can — he can state that he was advised of something but he can’t say what he was advised of.
BY MR. THOMPSON:
Okay, I am not asking him that, I am just asking if he was looking for somebody in a certain clothing description.
BY THE COURT:
Well, he can — he can say what he was looking for, but he can’t say what someone told him.
BY MR. THOMPSON:
Okay.
EXAMINATION BY MR. THOMPSON:
Q. Please don’t tell the jury what you were told but were you looking for somebody in a certain clothing description?
A. We were looking for an unknown Negro male carrying a brown bag—
BY MR. DOLAN:
Object.
BY THE COURT:
Overruled.
BY THE WITNESS:
We were looking for an unknown—
BY MR. DOLAN:
Note—
BY THE WITNESS:
—Negro male carrying a brown bag. Also this unknown Negro male had a piece of clothing with a — which was colored maroon.
Hearsay is an out of court statement offered at trial to prove the truth of the matter asserted therein. State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987). The value of hearsay rests upon the credibility of the out-of-court asserter. Id.
A review of the testimony indicates that the challenged statement is a general description of a suspect seen in the area of the burglary. We do not believe that the challenged statement is inadmissible hearsay because it was not offered for the truth of the matter asserted but was merely an explanation of why Officer Mon-teverde proceeded to the South Gayoso Street residence. Assuming arguendo, however, that the testimony as to the description of the perpetrator was inadmissible hearsay. We note that the erroneous admission of hearsay testimony does not constitute reversible error unless it is shown that the admission of the testimony affected the defendant’s rights by contributing to the verdict. La.Code Crim.Pro. art 921; State v. Banks, 439 So.2d 407 (La.1983).
In support of his claim that the admission of this hearsay testimony constitutes reversible error, the defendant cites State v. Broussard, 391 So.2d 1167 (La.1980), and State v. Banks, supra. In both Broussard and Banks inadmissible hearsay was found to constitute reversible error. Banks and Broussard, however, are distinguishable from the case at bar.
In Broussard, the inadmissible hearsay statements consisted of testimony as to the *201 identification of the defendant as the perpetrator of the crime by eyewitnesses who were not present at trial. In Banks, the hearsay statements related to a tip from a confidential informant which stated that the defendant was standing on a street comer waiting to buy heroin, the only evidence of defendant’s criminal intent, in both of the aforementioned cases, the Supreme Court determined that the hearsay evidence contributed to the verdict and admissibility constituted reversible error.
In the case at bar, the alleged hearsay evidence consisted of a description of a suspicious person seen near the scene of the burglary. We find that the description did not affect defendant’s rights by contributing to the verdict. The evidence at trial showed that one of the officers observed the defendant jumping out of a window of the residence and pursued him, subduing him after he scaled a fence. Unlike Brous-sard and Banks, where the hearsay evidence was the only evidence linking the defendants to the criminal activity, here there is independent evidence, the officer’s personal observation, supporting the conviction. We find, therefore, that the admission of the testimony did not contribute to the verdict and, consequently, the admission of the testimony was harmless error whether or not it was inadmissible hearsay.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.