NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-523

STATE OF LOUISIANA

VERSUS

MONTRAIL WILLIAMS AKA MONTRAIL MOORE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 74,969
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges

APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.

Michael Harson
District Attorney – 15th JDC
P. O. Box 288
Crowley, LA 70527-922
(337) 788-8831
 COUNSEL FOR APPELLEE:
    State of Louisiana

Harold D. Register, Jr.
216 Rue Louis XIV
Lafayette, LA  70508
(337) 981-6644
COUNSEL FOR APPELLANT:
    Montrail Williams a/k/a Montrail Moore

**Gremillion, Judge.**

On February 28, 2011, the Defendant, Montreal Williams, entered a plea of guilty to an amended charge of attempted possession with intent to distribute cocaine in docket number 74969. He was sentenced to serve fifteen years at hard labor, suspended, and the Defendant was placed on five years of supervised probation subject to certain conditions. On January 17, 2012, the Defendant's probation was revoked and he was ordered to serve the original sentence. The Defendant filed a "Notice of Intent to Seek Appeal and To Stay Proceedings, and Motion to File the Complete Record of these Proceedings with the Third Circuit of Appeal" seeking an appeal of the January 17, 2012 ruling revoking his probation. The court granted the motion giving the Defendant a deadline to file the "application of Appeal" of the January 17, 2012 ruling. A notice of appeal was subsequently issued.

On May 8, 2012, this court issued a rule to show cause why the appeal should not be dismissed as the judgment is non-appealable. The Defendant did not respond. However, on May 15, 2012, the trial court dismissed the "Notice of Intent to Seek Appeal" at the Defendant's request. The trial court was divested of jurisdiction by the order of appeal, and the subsequent dismissal is not included as an authorized action which can be taken by the trial court once the jurisdiction of this court attached. La.Code Crim.P. art. 916, *State v. Arbuthnot*, 367 So.2d 296, 300 n. 2 (La.1979). Thus, the dismissal by the trial court had no effect.

The judgment at issue is not appealable. *See* La.Code Crim.P. art. 912.1; *State v. Johnson*, 06-942 (La.App. 3 Cir. 9/13/06), 938 So.2d 804. Accordingly, we hereby dismiss the Defendant's appeal. The Defendant may seek supervisory writs within thirty (30) days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs, nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform

1

Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**