FORET, Judge.
Defendant, Bridgette Williams, previously adjudicated a delinquent, escaped from the Louisiana Training Institute (LTI) detention center in Rapides Parish. Williams was charged with simple escape, in violation of La.R.S. 14:110(A)(1). She pled guilty as charged and was sentenced to three years at hard labor.
ASSIGNMENT OF ERROR
Williams contends that the trial court erred in failing to impose a suspended sentence or probation. She asserts that the trial court imposed an excessive sentence of three years at hard labor without sufficiently articulating reasons for the sentence.
At the sentencing hearing, the trial court acknowledged reliance upon a pre-sentence memorandum filed by defense counsel and an evaluation from the LTI staff. The trial court then articulated the following reasons for sentence:
“Well, I really pondered over this case to try to figure out what to do. Uh. The psychological evaluations, uh, just aren’t too encouraging. We have a situation here where, uh, the defendant has just had a terribly bad record of, uh, lack of discipline and lack of capability to, uh, adjust to or conform and get along with anybody including her superiors, equals and subordinates. Uh. Her record is just fraught with ... with problems. Uh.
Taking everything into account, uh, the Court is, uh, comes to the conclusion and does hereby sentence, uh, Miss Williams to serve three years at hard labor with the Department of Corrections. And while I realize that, uh, probation would be, uh, possible in this case or ... or would be applicable, uh, I just don’t see that it would help. Uh. Everything else failed. Uh. I believe her ... from all the reports I could get her track record indicates that she’s just a threat to anybody around her. I really believe that some time in one of the institutions, uh, where there’s some methodology of establishing discipline, and when I say discipline I’m not talking about harsh punishment, I’m talking about setting up a regime, uh, of conduct, uh, that’s commensurate with, uh, a quality of life. *744 Uh. She may prosper from it. And, Miss Williams, I hope that you’ll make some effort to get along. You’re gonna find out that if you don’t you’re gonna be in trouble all your life. I do wish you good luck.”
La.C.Cr.P. art. 894.1 provides criteria for consideration in determining whether a sentence is excessive and mandates that the trial court shall state for the record the considerations taken into account and the factual basis used in imposing sentence. “Without the trial court’s articulation of the factual basis of each ground which influenced its disposition, the sentence may appear to have been arbitrary or excessive, unless there is evidence elsewhere of record which clearly illumines the sentencing choice.” State v. Williams, 397 So.2d 1287, 1292 (La.1981). Failure to adequately comply with Art. 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record supports the sentencing choice and demonstrates that the sentence is not excessive or arbitrary. See, State v. Lambert, 503 So.2d 739 (La.App. 3 Cir.1987); State v. Jett, 419 So.2d 844, 852 (La.1982).
In this case, the articulation of sentencing reasons by the trial judge does not appear to meet the guidelines contemplated by La.C.Cr.P. art. 894.1. The conclusory remarks without articulation of a factual basis for those conclusions do not exhibit substantial consideration of statutory guidelines in particularizing the sentence. However, remand for resentencing is necessary only if the sentence imposed is shown to be apparently severe in relation to the particular offender and the facts of the offense as contained in the record. See, State v. Harris, 414 So.2d 325 (La.1982); State v. Vizena, 454 So.2d 1291 (La.App. 3 Cir.1984).
Williams, age 18, has twice been institutionalized at LTI. She was first adjudicated delinquent in 1984 for simple battery and criminal damage to property. During this commitment, she exhibited violent tendencies and presented a constant disciplinary problem for the staff. She was recommitted on May 15, 1986, for “juvenile life” for aggravated battery. Less than two weeks later, Williams committed an aggravated battery on a staff member. Her disciplinary report is replete with acts of violence against herself and others.
Williams was exposed to a possible sentence of five years at hard labor. Although La.C.Cr.P. art. 893 provides for the availability of probation in this case, the article does not give a first felony offender a right to a suspended or probated sentence. The trial judge retains broad discretion in determining whether probation or suspension of sentence is in the best interest of society and the offender. State v. Harris, 506 So.2d 1274 (La.App. 2 Cir.1987), writ denied, 511 So.2d 1158 (La.1987). The record in this case supports the trial court’s determination not to impose a suspended sentence and clearly illumines the sentencing choice. The evaluation on record establishes that Williams is in need of correctional treatment most effectively provided by commitment in an institution. Her extended history of violent and criminal behavior supports the court’s conclusion that she is unlikely to be a favorable probationary risk; that the probability of recidivism is high; and that she represents a threat to society. The sentence imposed is not apparently severe or excessive and is consistent with the goals of the justice system to provide for a defendant’s reintegration into society through correctional treatment. The sentence does not appear to be grossly out of proportion to the offender or her offense and is within statutory limits. Because the facts presented in the record support the sentencing choice, the sentence imposed is not an abuse of the trial court’s discretion. See, State v. Howard, 414 So.2d 1210 (La.1982).
Therefore, this assignment of error is without merit.
DECREE
For the foregoing reasons, Williams’ sentence of three years at hard labor is affirmed.
AFFIRMED.