960 So.2d 279 (2007)
STATE of Louisiana
v.
Daniel B. BENOIT.
No. 07-KA-35.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
*280 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Megan L. Gorman, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
On September 21, 2004, a bill of information was filed charging defendant, Daniel B. Benoit, with armed robbery in violation of LSA-R.S. 14:64 (count one), simple burglary in violation of LSA-R.S. 14:62 (count two), and illegal use of a weapon in violation of LSA-R.S. 14:94 (count three). Defendant pled not guilty at his arraignment on September 22, 2004. On January 25, 2005, defendant's motion to suppress identification was heard and denied.
Defendant proceeded to trial on count two alone, and on August 8, 2005, a six-person jury returned a verdict of guilty of *281 simple burglary.[1] On April 12, 2006, the trial court sentenced defendant to twelve years imprisonment at hard labor.
On April 13, 2006, the State filed a multiple offender bill of information, alleging defendant was a third felony offender. After being advised of his rights, defendant stipulated to his multiple offender status. The trial court thereafter vacated defendant's original sentence and sentenced him to twenty-four years imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant now appeals.

FACTS
According to Sergeant Joseph Ragas of the Jefferson Parish Sheriff's Office, on August 22, 2004, he responded to a call regarding a vehicle burglary at the bowling alley located on Manhattan Boulevard in Harvey. Sergeant Ragas testified that he interviewed the victim of the burglary, Scott Gaudin, who said a witness came into the bowling alley and informed him that someone had just burglarized his vehicle.
The witness, James Andrews, testified that on this date he was dropping his daughter off at the bowling alley when he saw someone get out of the passenger side of the truck and then walk to the apartments next door to the bowling alley. Mr. Andrews went inside and asked the lady at the counter if she knew who owned the pickup truck outside. According to Mr. Andrews, he told the truck's owner he saw someone get out of it and saw him throw a can from the truck on top of the building. Mr. Andrews gave a physical description of the subject and a description of his clothing which included a plain black colored tank top shirt with black jean shorts that reached his knees and a stocking or nylon hat on his head.
Sergeant Ragas testified that he went to the adjacent complex to look for the suspect based on the clothing description and located defendant who fit this description. After Sergeant Ragas spoke to defendant, defendant agreed to let the witness look at him. Mr. Andrews positively identified defendant.
Scott Gaudin testified that his glove box was open and he had not left it that way. He further testified that he did not authorize anyone to be inside of his truck or to take any money out of the ashtray in his truck. According to Mr. Gaudin, about five or six dollars in change was missing from his ashtray. In addition, a can of belt dressing had been taken from his truck and thrown on top of the roof. Mr. Gaudin testified his truck was not locked and that the door lever was broken; however, he said someone would have had to pop the lever to open the truck because it looked locked.
On appeal, defendant challenges the sufficiency of the evidence used to convict him. Defendant specifically asserts that the State failed to prove beyond a reasonable doubt that he was the perpetrator of the simple burglary. He claims that there was a substantial likelihood of misidentification pointing to the suggestiveness of both the one-on-one and in-court identifications.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In addition to proving the statutory elements of the charged offense at trial, the *282 State is required to prove defendant's identity as the perpetrator. Where the key issue is identification, the State must negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Ingram, 04-551 (La. App. 5 Cir. 10/26/04), 888 So.2d 923, 926. Positive identification by only one witness is sufficient to support a conviction. State v. Williams, 02-645 (La.App. 5 Cir. 11/26/02), 833 So.2d 497, 503, writ denied, 02-3182 (La.4/25/03), 842 So.2d 398.
Defendant was convicted of simple burglary. LSA-R.S. 14:62(A) provides "[s]imple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60 [aggravated burglary]."
Defendant does not argue that the State failed to establish any of the essential statutory elements of his conviction, but only challenges the identification. When challenging an identification procedure, the defendant must prove the identification was suggestive and that there was a substantial likelihood of misidentification. It is the likelihood of misidentification that violates due process, not the mere existence of suggestiveness. State v. Hurd, 05-258 (La.App. 5 Cir. 11/29/05), 917 So.2d 567, 570, writ denied, 06-1128 (La.11/17/06), 942 So.2d 530.
Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); State v. Clennon, 98-1370 (La.App. 5 Cir. 6/30/99), 738 So.2d 161, 164. Factors to consider in assessing the reliability of an identification include: 1) the witness' opportunity to view the criminal at the time of the crime, 2) the witness' degree of attention, 3) the accuracy of his prior description of the criminal, 4) the level of certainty demonstrated at the confrontation, and 5) the time between the crime and the confrontation. Manson v. Brathwaite, 97 S.Ct. at 2253; State v. Mills, 01-110 (La.App. 5 Cir. 6/27/01), 790 So.2d 102, 107.
Generally, one-on-one identifications are not favored; however, such an identification procedure is permissible under certain circumstances. For example, one-on-one identifications are justified when the accused is apprehended within a relatively short period of time after the occurrence of the crime and when the accused has been returned to the scene for immediate identification. State v. Hurd, 917 So.2d at 571. Immediate confrontation assures the reliability of the identification as the perpetrator's appearance is fresh in the witness' mind, lessens the possibility that the perpetrator's clothes or appearance will be changed, and insures early release of innocent subjects. State v. Frank, 344 So.2d 1039, 1041 (La.1977).
On appeal, defendant argues that the one-on-one identification was suggestive because he was handcuffed and was the only person viewed at the time the identification was made. He further asserts that the identification was made based only on his clothing which was not distinctive and was never produced in open court.
In State v. Hurd, 917 So.2d at 571, this court upheld the identification of the defendant by the victims despite the one-on-one identification procedure where defendant was standing in the street among several police officers. In that case, defendant argued that the identification was suggestive because it was based solely on clothing and not physical characteristics or *283 face recognition. In finding the one-on-one identification not suggestive, this court noted that the defendant was apprehended within minutes after the crime only three blocks from the robbery, and that within fifteen to twenty minutes after the crime, the victims were separately brought to the location where defendant was apprehended and each positively identified him as the perpetrator.
Likewise, in State v. Valentine, 570 So.2d 533 (La.App. 4 Cir.1990), the Fourth Circuit upheld one-on-one identifications by two witnesses to an armed robbery of a restaurant that were based mainly on the similarity of clothing between the defendant and the perpetrator. In Valentine, the defendant was apprehended near the scene of the robbery and taken back to the scene within thirty minutes to an hour of the robbery. The witnesses separately went to the police car to view the defendant as he sat handcuffed in the back of the police car. Although one witness identified the defendant based mainly upon the distinctive shirt he wore, the other witness saw the defendant outside the restaurant just prior to the robbery dressed in the same manner as the robber. Based on these circumstances, the court held that the identification procedure was not suggestive.
See also State v. Winfrey, 97-427 (La. App. 5 Cir. 10/28/97), 703 So.2d 63, 70, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481, where this court determined that the identification of a defendant while handcuffed and seated in the back of a police car was not suggestive.
In the present case, the eyewitness, Mr. Andrews, gave Officer Ragas a physical and clothing description of the suspect. In addition, Mr. Andrews advised the officer that the perpetrator walked to the apartments next to the bowling alley. Sergeant Ragas went to the adjacent apartments and apprehended defendant, who matched the description of the suspect. Within minutes of defendant's apprehension, Mr. Andrews positively identified him as the perpetrator. Given these circumstances, we find that the one-on-one identification of defendant was not suggestive.
Mr. Andrews also positively identified defendant in court as the person he saw getting out of the truck. Defendant argues the in-court identification at trial was suggestive and had little worth because defendant was always seated next to his trial counsel. However, in State v. Jacobs, 04-1219 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 87, writ denied, 05-2072 (La.4/28/06), 927 So.2d 282, cert. denied, ___ U.S. ___, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006), this Court recognized the following:
In State v. Johnson, 343 So.2d 155 (La. 1977), the Louisiana Supreme Court found an in-court identification similar to the one in defendant's case was not unduly suggestive. The Johnson court stated that the mere fact that the defendant was conspicuously seated at the defense table at trial at the time the witness identified him did not suggest that he was guilty of the crime, only that he was charged with its commission. The Johnson court further found that an ample opportunity to cross-examine the witness was sufficient to remedy any suggestiveness inherent in the in-court identification process.
Based on the foregoing discussion, we find that neither the one-on-one identification nor the in-court identification of defendant can be deemed suggestive. Moreover, applying the Manson factors, we find that even if the identifications are considered suggestive, there was not a substantial likelihood of misidentification. Mr. Andrews' eyewitness trial testimony indicates he had ample opportunity to view *284 defendant. Mr. Andrews testified that he saw defendant get out of the truck, followed him visually and saw that he went to the apartments next to the bowling alley. He also saw defendant throw a can from the truck on top of the building. Mr. Andrews was able to give a description of defendant's clothing to the officer. Officer Ragas went into the adjacent apartment complex and found defendant who fit the description given by the eyewitness.[2] Within minutes of defendant's apprehension, Mr. Andrews positively identified him as the man he saw getting out of the truck. According to Mr. Andrews, less than ten minutes passed from the time he saw defendant exit the truck until the police arrived. Less than ten minutes after the police left, Mr. Andrews identified defendant. As such, less than twenty minutes would have passed between the time he observed the crime and identified defendant. Sergeant Ragas also testified that from the time of the call until the identification, about ten minutes passed. At trial, Mr. Andrews testified that there was no doubt on August 22, 2004, or on that date while in court, that defendant was the man he saw getting out of the truck.
To further support his argument that he was not the perpetrator, defendant points to the fact that he permitted the witness to look at him and did not run when the officer approached. However, Sergeant Ragas testified that although defendant did not physically run, Sergeant Ragas tried to make defendant believe he was there for a different reason by walking in an angle towards a female at the complex.
Defendant also points to the fact that at the time he was stopped he was wearing a du-rag, and not a stocking or nylon cap as described by Mr. Andrews. The record is not clear that defendant was wearing something different on his head than what was described by Mr. Andrews. Moreover, regardless of what terminology is used, it is clear that defendant was wearing some type of headgear at the time of his apprehension.
The jury heard all of the evidence presented and obviously chose to believe Mr. Andrews' testimony identifying defendant as the perpetrator of the simple burglary. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for the requisite factual findings. State v. Turner, 03-325 (La.App. 5 Cir. 6/19/03), 850 So.2d 811, 816, writ denied, 03-2170 (La.1/30/04), 865 So.2d 74. It is not the appellate court's function to reevaluate the credibility choices made by the jury. State v. Hurd, 917 So.2d at 572.
Viewing the evidence in the light most favorable to the prosecution, we find that the State sufficiently negated any reasonable probability of misidentification, and that a rational trier of fact could have found, beyond a reasonable doubt, that defendant was the perpetrator of the crime.
We have also reviewed the record for errors patent, according to LSC.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note that defendant was not advised of the two-year prescriptive period for filing an application for post-conviction relief either at the time of his original sentencing or subsequent sentencing as a multiple offender. *285 Accordingly, we remand the matter and instruct the trial court to inform defendant of the prescriptive period set forth by LSA-C.Cr.P. art. 930.8 by sending written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. See, State v. Fazande, 05-901 (La.App. 5 Cir. 3/28/06), 927 So.2d 507, 513-514.
Accordingly, for the reasons set forth herein, we affirm defendant's conviction and sentence and remand the matter with instructions.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Counts 1 and 3 were dismissed by the State on April 13, 2006.
[2] In the present case, although defendant argues that black jean shorts and a black muscle shirt are not distinctive and are commonly worn by young black men, especially in August, Sergeant Ragas testified that on that particular date, defendant was the only person dressed like that in the area.