JOY COSSICH LOBRANO, Judge.
hOn August 22, 2013, the Orleans Parish Juvenile Court adjudicated K.D.[1] delinquent as a result of having committed the crime of simple criminal damage to property, a violation of La. R.S. 14:56. The Juvenile Court judge entered a disposition of commitment to the Department of Public Safety and Corrections for a period of six (6) months, but suspended the commitment and placed K.D. on six (6) months of inactive probation, with certain special conditions. K.D. now appeals his adjudication and disposition.
At the trial of this matter, Nekita New testified that on May 15, 2013, she was in her vehicle with her fiancé and young child when a brick was thrown at the vehicle. She was in the passenger seat, and the brick was thrown at the passenger side of the vehicle. Prior to the brick being thrown, Ms. New saw three juveniles riding bikes, and one of them had a brick in his hand. As they drove by the juveniles, the one with the brick in his hand threw the brick at the vehicle. In court, she identified K.D. as the juvenile who threw the brick. Ms. New testified that she initially did not want to involve the police in this matter; she only wanted the dam *184 age to her car repaired. Upon learning where K.D. lived, Ms. New went to 1 ?his home that evening to attempt to speak with K.D.’s parent or guardian. When she knocked on the door, K.D. and his younger brother answered. She said she recognized K.D. and told him that he had thrown a brick at her car. K.D. gave her the name of another juvenile as the perpetrator.[2] She asked to speak to KD.’s mother, but was unable to speak to her that night. Ms. New then left K.D.’s home, but returned the next evening to again attempt to speak to KD.’s mother. She did not meet with KD.’s mother but was able to contact KD.’s mother by telephone. Their conversation did not lead to a resolution of the matter. Ms. New ultimately used her own funds to repair her vehicle. The cost to repair the damage to the vehicle was $1,200.00. She reported the incident to the police, and a police officer met with her to discuss the incident. She told the officer that K.D. was the person who threw the brick at her vehicle. She testified that she is positive that K.D. was the person who threw a brick at her vehicle.
On cross-examination, Ms. New testified that she gave a written statement to an investigator for the defense. She denied telling the investigator that on the night of the incident, she was not sure it was K.D. who threw the brick. When shown the statement she gave to the investigator, she testified that the statement said she was “almost sure” on the night of the incident that it was K.D. who threw the brick. She then admitted that in her written statement, she did not say she was sure that K.D. was the perpetrator. Ms. New said that when she first spoke to the police officer about the incident, she gave them KD.’s name but told the officer that K.D. named another juvenile as the person who threw the brick. She acknowledged that IsK.D.’s name was not in the police report,[3] a fact she said she learned from another police officer with whom she later met to discuss the incident. She said she gave the first police officer the name of another juvenile as the perpetrator, but did so only because K.D. told her the other juvenile was the one who threw the brick. She stated that the other juvenile had a thin build and an Afro hairstyle. She further stated that when KD.’s mother informed her that she would not pay to repair the vehicle, Ms. New then called the police to press charges. She testified that D.C., another juvenile in the group, told her K.D. threw the brick. Ms. New was unsure how dark it was outside at the time of the incident.
On redirect examination, Ms. New testified that in her written statement to police, she mentioned the juvenile’s name that K.D. had given to her as that of the perpetrator who had thrown the brick. But Ms. New said that when she had the opportunity to meet the other juvenile, she knew he was not the one who had thrown the brick based on differences in his and KD.’s builds.
The next witness was Angelo C. Jackson, Sr., Ms. New’s fiancé who was with him in the car on May 15, 2013 when a brick was thrown at the car. He testified that he did not see who threw the brick.
Officer Michael Guaseo, with the New Orleans Police Department, testified that he was involved in an investigation of the *185 incident that occurred on May 15, 2013. He met with Ms. New on May 20, 2013, and went with her to KD.’s house. Office Guaseo testified that Ms. New positively identified K.D. as the person who threw the brick at her car. In his report, Officer Guaseo wrote that he was given the name of a juvenile other than K.D. as the perpetrator. However, K.D. was the Lperson who gave Officer Guaseo the name of the other juvenile. The other juvenile told Officer Guaseo that he was part of the group that Ms. New’s vehicle passed on the night in question, but he was not the one who threw the brick. Officer Guaseo testified that his only involvement in this ease was accompanying Ms. New and her flaneé to KD.’s house and making the arrest of K.D. Officer Guaseo also stated that Ms. New told him that K.D., and not the other juvenile, was the one who threw the brick.
The defense called to the stand D.C., another juvenile who was with K.D. on the night in question. D.C. testified that he was with four other juveniles, including K.D., that night. He said that the juvenile that K.D. identified to police as the perpetrator was the one who threw the brick at Ms. New’s vehicle. He later admitted he could not say who threw the brick. He said he did not actually see the other juvenile throw the brick, but saw the brick in his hand prior to hearing the brick hit Ms. New’s vehicle. He said he never saw a brick in K.D.’s hand. But he admitted he was not looking at K.D. at the moment the brick that hit Ms. New’s vehicle was thrown. D.C. said that his father knew the family of Ms. New’s fiancé. He said the incident occurred around 10:00 p.m. and the area where the incident occurred was very dark and had no street lights on the side of the street where the juveniles were riding their bikes. He said the closest lighting was an apartment building across the street. D.C. testified that KD.’s mother brought him to court for this trial.
The next witness was R.D., KD.’s brother. He said he was with the group riding bikes on the night in question. He testified that he saw the juvenile named by K.D. as the perpetrator pick up a brick and later throw the brick at the car. He said he sometimes lies for his brother, but was not lying in his court testimony. He I fisaid the juvenile who threw the brick does not look like his brother. He said the other juvenile is thinner and taller than K.D., and has darker skin and an Afro hairstyle.
The last witness at trial was K.D. He testified that he was riding bikes with a group on the night in question. He said he saw the juvenile he named to police as the perpetrator pick up a brick and jump up on the handlebars of KD.’s bike. K.D. said that when a car approached the area where they were riding, the other juvenile jumped off of the bike, and slammed the brick on the passing car. He said he was less than five feet from the other juvenile when he threw the brick at the car. K.D. said he told Ms. New he was not the one who threw the brick. K.D. testified that he did not throw the brick at Ms. New’s vehicle on May 15, 2013.
In his sole assignment of error, K.D. argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that K.D. was either: 1) the juvenile who threw the brick that caused the damage to the vehicle, and did so with the intent to damage the vehicle, or 2) a principal to the damage to the vehicle committed by another.
In State ex rel. KM., 2010-0649 (La. App. 4 Cir. 9/29/10), 49 So.3d 460, this Court set forth the standard of review in a juvenile delinquency case as follows:
*186 In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard has been held to be the clear standard of review for Louisiana appellate courts by the Louisiana Supreme Court. State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1. It specifically requires that the appellate court must determine that the evidence was Insufficient to convince a rational trier of fact “that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 2000-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, citing State v. Captville, 448 So.2d 676, 678 (La.1984). This standard of review is applicable to juvenile delinquency cases. State in the Interest of T.E., 2000-1810 (La.App. 4 Cir. 4/11/01), 787 So.2d 414.
Id. at 4-5, 49 So.3d at 463-464.
A reviewing court grants great deference to the Juvenile Court’s factual findings, credibility determinations, and assessment of witness testimony. State in Interest of S.J., 2013-1025, p. 3 (La.App. 4 Cir. 11/6/13), 129 So.3d 676, 678 (citing State ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61). In State in the Interest of S.L., 11-883 (La.App. 5 Cir. 4/24/12), 94 So.3d 822, the applicable law regarding the burden of proving identification was summarized as follows:
In addition to proving the statutory elements of the charged offense, the State is required to prove the identity of the perpetrator. State v. Searls, 04-790 (La.App. 5 Cir. 1/25/05), 895 So.2d 40, 43. The State is required to negate any reasonable probability of misidentification in order to carry its burden of proof when the key issue is identification. Id. Positive identification by one witness is sufficient to support a conviction. State v. Benoit, 07-35 (La.App. 5 Cir. 5/29/07), 960 So.2d 279, 282.
Id. at 10, 94 So.3d at 831.
La. R.S. 14:56 defines simple criminal damage to property as “the intentional damaging of any property of another, without the consent of the owner, and except as provided in R.S. 14:55,[4] by any means other than fire or explosion.” 17Section B(2) of La. R.S. 14:56 states: “Where the damage amounts to five hundred dollars but less than fifty thousand dollars, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than two years, or both.” In this case, conflicting testimony was presented as to whether the juvenile who threw the brick at Ms. New’s vehicle was K.D. or another juvenile named by K.D. K.D. and his brother, R.D., testified that the juvenile named by K.D. was the one who threw the brick, and not K.D. D.C. testified for the defense, but admitted that he did not actually see who threw the brick. Ms. New testified that she initially gave the police the name of the other juvenile as the perpetrator, but clarified that she did so only because K.D. told her the other juvenile was the one who threw the brick. Ms. New stated that when she later met the other juvenile, she knew he was not the perpetrator because his appearance differed from that of the juvenile who threw the brick. She said the other juvenile was thin and had an Afro hairstyle. K.D.’s brother, R.D., testi- *187 fíed that K.D. does not look like the other juvenile named by K.D. and R.D. as the perpetrator. According to R.D., the other juvenile is thinner, taller and darker than K.D., and has an Afro hairstyle, which K.D. does not. Ms. New identified K.D. in court as the person who threw the brick at her car. She also identified K.D. as the perpetrator to NOPD Officer Guaseo when she accompanied him to KD.’s house.
The Juvenile Court judge evaluated the credibility of the witnesses, and obviously accepted the identification testimony of Ms. New and rejected the testimony of the juveniles who testified that K.D. was not the perpetrator. Viewing the evidence in the light most favorable to the prosecution, we conclude that the Juvenile Court could have found that the essential elements of the charged offense were proven beyond a reasonable doubt. The evidence was sufficient to convince [sa rational trier of fact that K.D. was the person who threw the brick at Ms. New’s vehicle without Ms. New’s consent, that the brick was thrown with the intention of damaging the vehicle and that the cost to repair the damage to the vehicle was $1,200.00.
For the reasons stated above, we affirm the adjudication of delinquency and disposition against K.D.
AFFIRMED.
BELSOME, J., Concurs in the result.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juveniles involved in this matter will be used instead of their names.

. This other juvenile is only referred to by a one-word name throughout the record, so we are unable to determine his initials, or whether the name used in the record is a given name or a nickname. In order to protect this juvenile's identity, we are not using the one-word name in this opinion.

. The police report is not in the appeal record.

. La. R.S. 14:55 involves the crime of aggravated criminal damage to property. K.D. was charged in this case with the lesser offense of simple criminal damage to property.